On June 15, 1979 the court entered the following order:
Before Kunzig, Presiding Judge, Cowen, Senior Judge, and Smith, Judge.
This case, presently before the court on cross-motions for summary judgment on Count II of plaintiffs petition, is a continuation of litigation over the status of limestone lying in certain water bottoms in Citrus County, Florida. The plaintiff, Coastal Petroleum Company, in its first amended petition alleged that in assisting in the building of the Cross-Florida Barge Canal, the United States had effected a taking of the plaintiffs interest in the limestone.[1] The Canal Authority of the State of Florida was noticed in as a third party pursuant to Rule 41(a)(1), and has appeared, *691 filed a brief and has otherwise participated in the proceedings, the Canal Authority and the Government are aligned together against the plaintiff in this action.
The plaintiff claims a compensable interest in the submerged limestone through a lease, No. 224-A, by which it acquired the right to remove the limestone from the earth. The land in which the limestone rested was owned by the lessor, the Trustees of the Internal Improvement Fund of the State of Florida. The plaintiff alleges that the United States appropriated its property interest in two ways, both of which occurred in connection with the Government’s construction of the Cross-Florida Barge Canal. First, the plaintiff says that the Government severed a portion of the limestone from the leased area and used it to build the canal. Second, the plaintiff says that the construction of the canal has rendered the still-unsevered limestone inaccessible. Thus, the plaintiff claims compensation for its interest in both the limestone the Government allegedly severed and the limestone in situ.
Resolution of the conflicting claims requires an examination of three issues:
1. Coastal’s motion for summary judgment is bottomed on the prior condemnation action, United States v. Certain Lands in Citrus County, Florida, et al., No. 162, Ocala Civil (S.D. Fla., November 2, 1954). In that case, says the plaintiff, the district court determined that Coastal had a compensable interest in minerals in the ground in the area covered by Lease No. 224-A. Therefore, the Government should be estopped from contesting the existence of the plaintiffs interest in limestone in situ.
2. During the course of the present litigation, the plaintiff was also in litigation with the lessor Trustees over the validity of its leases. In January 1976, the plaintiff and the Trustees entered into a settlement agreement in full compromise of that litigation, styled Coastal Petroleum Co. v. Secretary of the Army, Nos. 68-951-Civ-CA and 69-699-Civ-CA (S.D. Fla.). Section Three, paragraph 1(D) of the Memorandum of Settlement stated in part:
* * * Any use of minerals other than oil or gas for a public purpose by the Trustees or any government body so authorized by the Trustees may be made without Coastal’s approval and without payment of any compensation or royalties to Coastal.
*692 The Government contends that it had permission from The Canal Authority to sever the limestone, and that The Canal Authority in turn had been given the power to grant that permission by the Trustees. Accordingly, says the Government, the settlement agreement between the plaintiff and the Trustees bars recovery here.
3. An order entered February 5, 1971, in Coastal Petroleum Co. v. Secretary of the Army, the Florida District Court case, is the basis for the Government’s second contention. In that case, Judge Atkins determined that the plaintiffs mineral lease did not vest an ownership interest in the limestone in place. Having concluded that the court had no jurisdiction of the action against the United States, he held that Coastal had no right to recover against the Trustees of the Internal Improvement Fund of the State of Florida or the Central and Southern Florida Flood Control District. The Government argues that this holding estops the plaintiff from relitigating the nature of its interest in the limestone, and that the doctrine of collateral estoppel bars any re-examination of the issue.
Plaintiffs claim for summary judgment is grounded on the unreported decision of the United States District Court for the Southern District of Florida in United States v. Certain Lands in Citrus County, supra. Certified copies of the relevant court documents in that case were made part of the record before us now. The United States filed a condemnation action against the State of Florida for lands which were covered by Coastal’s Lease No. 224-A, the lease at issue here. As a result of that suit, Coastal was awarded money in compensation for the taking of its interest in certain minerals in the property which had not yet been severed. Coastal maintains that this holding amounts to a judicial determination that it has an interest in minerals (including limestone) still in situ, an interest for which it must be compensated if Government activities constitute a Fifth Amendment taking. Such a determination, Coastal argues, binds the Government in the present suit, since the doctrine of collateral estoppel bars the Government from relitigating the nature of the plaintiffs interest in the limestone.
The difficulty with Coastal’s position is that the precise issue in controversy here — the nature of its interest in the *693 limestone in situ — was never put in issue in the prior case. The pleadings show that Coastal put in issue its ownership of routile, ilmenite, zircon and "other metallic bearing minerals,” in addition to oil, gas and sulphur. After instructing the jury that Coastal had been given the right to explore for and to take from the lands in issue, oil, gas, sulphur and other minerals, the court directed the jury to fix the value of Coastal’s interest in 7/8 of the oil, gas and sulphur and 90 percent of "any metallic minerals which Coastal might discover.” Since the issues presented for determination in that case are not identical with those in this case, there is no collateral estoppel. Cromwell v. County of Sac, 94 U.S. 351 (1877).
In addition to the fact that Coastal’s interest in the limestone in place was never raised or considered, the court’s judgment is, at least, in apparent conflict with Judge Atkins’ memorandum decision and order of February 5, 1971, in Coastal Petroleum Co. v. Secretary of the Army. Since the materials before us present a choice of inferences to be drawn from the underlying facts, the inferences must be viewed in the light most favorable to defendant, the party opposing the motion. United States v. Diebold, Inc., 369 U.S. 654 (1962); Goldlawr, Inc. v. Shubert, 268 F.Supp. 965 (E.D. Pa. 1967). Therefore, the motion must be denied.
The Government and The Canal Authority take the position that the settlement agreement entered into between Coastal and the Trustees discharges the plaintiffs claim even if construction of the canal involved the use of limestone subject to Coastal’s lease. More specifically, the Government argues that because the settlement agreement permits any government body to use minerals on the leased land for a public purpose "without payment of any compensation or royalties to Coastal,” the plaintiff has relinquished any right to compensation for this limestone.
There are two reasons why the Government’s argument must be rejected. First, it is not at all clear that the current suit is the kind of dispute which the settlement agreement was intended to cover. The settlement agreement redefined the respective rights of Coastal and the Trustees under the lease, and established a prospective modus vivendi for further operations in the leased area. The agreement thus *694 does not, by its terms, appear to settle any claim to minerals which may have been removed or made inaccessible before the effective date of the agreement. Furthermore, contrary to the Government’s contention, such a dispute does not unquestionably "arise out of’ the validity of the drilling and exploration leases, except in an attenuated and rather speculative sense. Construing the terms of the agreement most charitably in favor of the party opposing summary judgment, as we must, we conclude that the settlement agreement’s applicability to the question of Coastal’s rights in this limestone is not clear enough to warrant summary judgment in the Government’s favor.
There is a second, more compelling reason why summary judgment on this ground must be denied. The Government concedes that it was not a party to the settlement agreement, and that the contract was not made for it as a third-party beneficiary. The agreement purports to resolve all pending disputes between Coastal and the State of Florida. At the time this agreement was entered into, the case at bar was also a pending dispute, and it was not mentioned at all in the settlement agreement. If it is true (and the record contains no contrary indications) that the Government is a legal stranger to the settlement agreement, it could prevail on its motion for summary judgment only if this court were to render a declaratory judgment based on the settlement agreement, holding that the plaintiff cannot recover. This, of course, the Court of Claims cannot do, except in certain circumstances not present here.[2] United States v. King, 395 U.S. 1 (1969). This court simply has no authority to pass on the legal effect of an agreement entered into between two private parties when the Government has no connection with the agreement. Because of this, and because of the uncertainty surrounding the scope of the settlement agreement, the Government’s motion for summary judgment based on that agreement must be denied.
*695 The second ground on which the Government’s motion for summary judgment rests is the order entered by United States District Judge Atkins on February 5, 1971 in Coastal Petroleum Co. v. Secretary of the Army, supra. Coastal was the lessee of mineral exploration and severance rights in the affected area by virtue of Lease No. 248, whose provisions were almost identical to those of Lease No. 224-A. However, a different area of land was involved. The court decided that the lease did not vest Coastal with an ownership interest in the limestone until it was severed from the land and produced. The ultimate conclusion was:
Therefore, whether it is a question of the applicability of the trust doctrine or a lack of a possessory interest in Coastal sufficient to bring an inverse condemnation action, there can be no liability on the part of either the District for the taking or the Trustees for the grant of the easement to the District.[3]
We hold that the decision is not binding on plaintiff under the doctrine oí collateral estoppel because:
1. There is a lack of identity of the parties; the Secretary of the Army was dismissed from the suit for lack of jurisdiction.
2. The cause of action was different from that before us in that a different lease covering another area and other limestone was at issue in the decision of February 5, 1971. See Commissioner v. Sunnen, 333 U.S. 591 (1948), and Hilkovsky v. United States, 205 Ct. Cl. 460, 504 F. 2d 1112 (1974).
We also decline to adopt defendant’s contention that we should follow the decision of February 5, 1971, under the principle of stare decisis.
As shown by the quotation above, Judge Atkins’ basic legal conclusion rested on alternative theories, and the trust doctrine may have been the dominant factor. However, the alternative holding that plaintiffs interest would not support an action for inverse condemnation is apparently in conflict with the Florida District Court’s *696 decision of November 2, 1954 in United States v. Certain Lands in Citrus County, supra. The order of February 5, 1971, also appears to be inconsistent with Judge Atkins’ decision in Coastal Petroleum Co. v. Secretary of the Army, et al., 315 F. Supp. 845 (S.D. Fla. 1970). See the comment on this decision in Coastal Petroleum Co. v. United States, supra, 207 Ct. Cl. at 705.
it is therefore ordered that the parties’ cross-motions for summary judgment are denied. The case is remanded to the trial division for disposition of the issues raised by Count II of Plaintiffs First Amended Petition and Defendant’s Answer thereto, including, but not limited to, defendant’s contention that plaintiffs claim is barred by the statute of limitations, and if not, that plaintiffs right to recover is precluded by defendant’s navigation servitude.
Defendant’s motion for rehearing or suggestion for rehearing en banc was denied September 28, 1979. Plaintiffs motion for rehearing or reconsideration was denied June 13, 1980. Plaintiffs petition for writ of certiorari was denied, 449 U.S. 1011 (1980).

 The amended petition was in two counts, the first of which was dismissed on the ground that the United States had a navigational servitude which gave it the right to remove the limestone. Coastal Petroleum Co. v. United States, 207 Ct. Cl. 701, 524 F. 2d 1206 (1975).

 Section l£(i) of the Contract Disputes Act of 1978 (Pub. L. 95-563, 92 Stat. 2391) provides that "The Court of Claims shall have jurisdiction to render judgment upon any claim by or against, or dispute with, a contractor arising under the Contract Disputes Act of 1978.” However, the extent to which the court is authorized by this provision to render declaratory judgments does not aid defendant, because the dispute here is not a dispute with a contractor arising under the Act. Section 7428 of the Internal Revenue Code is also obviously inapplicable.

 Under Florida law, the "trust Doctrine” provides that the States is legally incapable of alienating a property interest if such an alienation would impair existing public rights. See Gies v. Fischer, 146 So.2d 361 (Fla. 1962), and cases cited therein. Judge Atkins’ holding is therefore based, at least in part on the theory that Coastal never owned any property interest in the limestone covered by Lease No. 248.